JUSTICE NELSON
concurs and dissents:
*301 ¶51 I concur with the Court’s analysis of Issues 1 through 6, inclusive, and with our decision on those issues. I dissent from our refusal to address Issue 7, the discovery dispute. As to this last issue, I would address and decide the discovery question presented.
¶52 Winslow was terminated from his employment nearly five years ago. Upon filing his complaint, he timely commenced and diligently attempted to obtain discovery of the identities of other workers who had either sustained injuries similar to his from similar job duties or who had been fired or disciplined after they turned in a personal injury report. MRL opposed this discovery in nearly every way possible. The trial court was brought into the dispute early on but never resolved the discovery question despite Winslow’s continuous attempts to get a decision. A trial date was lost, and Winslow’s claims, ultimately, were dismissed. We have now ruled that the District Court erred in dismissing Winslow’s claims and we are sending the case back for further proceedings.
¶53 Unfortunately for Winslow, however, he is essentially back to square one as far as the discovery issue goes; his case is still at ground zero despite years of litigation. No doubt he is looking at months, if not years, of further delay before he has his day in court.
¶54 The privacy matter which is at the heart of the discovery issue is purely one of law. This Court is as capable of deciding this issue as is the trial court and, in matters of law, our review is plenary, in any event.
¶55 Winslow has a constitutional right to speedy remedy afforded without delay. Art, II, Sec. 16, Mont.Const. If this constitutional right has any meaning in the context of this case, then we should suspend the Rules of Appellate Procedure and decide the discovery issue in this appeal. Our refusal to do so is to continue the frustration of Wins-low’s Article II, Section 16 rights that has already taken place in the trial court for far too long.
¶56 I dissent from our decision as to Issue 7.
JUSTICE HUNT and TRIEWEILER join in the foregoing concurrence and dissent.